UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )  Criminal No.: 19-10081-IT |
| | ) |
| JOVAN VAVIC, | ) |
| | ) |
| | ) |
| Defendant | ) |

**GOVERNMENT'S MOTION
TO SUPPLEMENT THE RECORD**

For the following reasons, the government moves the Court pursuant to Fed. R. App. P. 10(e) to supplement the record by docketing the following items so that the First Circuit may consider them in the pending appeals: the versions of the written jury instructions (a) that formed the basis of the discussions at the charge conference, (b) that the Court adopted in the wake of those discussions and circulated to the parties just prior to the closing and rebuttal arguments, and (c) that the Court provided to the jury during the charge and deliberations.

Rule 10(e) provides in relevant part:

> If anything material to either party is omitted from . . . the record by error or accident, the omission . . . may be corrected and a supplemental record may be certified and forwarded . . . by the district court before or after the record has been forwarded . . . .

Fed. R. App. P. 10(e). This rule "'is designed to . . . supplement the record on appeal so that it accurately reflects what occurred before the district court.'" *United States v. Rivera-Rosario*, 300 F.3d 1, 9 (1st Cir. 2002) (quoting *Belber v. Lipson*, 905 F.2d 549, 551 n. 1 (1st Cir.1990)).

One issue on appeal is whether certain of the government's rebuttal remarks deviated from the jury instructions that the Court proposed and ultimately gave. At the April 6, 2022 charge conference, one day before the closing and rebuttal arguments, the parties and the Court discussed jury instruction issues—including those pertinent to the appellate issue just noted—largely by

reference to proposed written instructions that the Court had earlier circulated. [4/6/22 Tr. at 3]. Without the written text that the parties and the Court were consulting and making reference to at the time, this discussion is sometimes hard to follow. Just before arguments the next day, the parties and the Court discussed a "clean" version of the written instructions that had been revised to take into account certain of the issues discussed at the charge conference, and this would have been the most current version of the instructions that the government possessed before giving the rebuttal remarks in question. [4/7/22 Tr. at 4-6]. Finally, the Court provided the jury with a final version of the written jury instructions to read during the charge and during deliberations, and this will likewise be material to the issues on appeal. [4/7/22 Tr. at 241].

To facilitate the parties' ability to cite these materials in the pending appeals, and the First Circuit's ability to consider them, the government moves the Court to supplement the record under Fed. R. App. P. 10(e) as set forth above. *See, e.g.*, *United States v. Kelly*, 535 F.3d 1229, 1241 n.10 (10th Cir. 2008) (district court properly granted Rule 10(e) motion to supplement the record with the written jury instructions supplied to the jury); *United States v. Andiarena*, 823 F.2d 673, 676-77 (1st Cir. 1987) (district court properly granted Rule 10(e) motion to supplement the record with "transcripts of the nine tapes" where those transcripts had been submitted to the jury).

Pursuant to Local Rule 7.1(a)(2), undersigned counsel has conferred with counsel for defendant Vavic, who states that he has not yet decided what position to take with respect to this motion.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By: */s/ Donald C. Lockhart*
DONALD C. LOCKHART
ALEXIA R. DE VINCENTIS
LESLIE A. WRIGHT
STEPHEN E. FRANK
IAN J. STEARNS
Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Donald C. Lockhart*
DONALD C. LOCKHART
Assistant United States Attorney