IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.: 19-10081-IT |
| | ) | |
| JOVAN VAVIC, | ) | |
| | ) | |
| Defendant | ) | |

**GOVERNMENT'S UNOPPOSED MOTION
TO SUPPLEMENT THE RECORD**

The Government moves the Court pursuant to Fed. R. App. P. 10(e) to supplement the record by docketing the following item so that the First Circuit may consider it in the pending appeal: the Microsoft PowerPoint that the government played during its closing argument, [ECF 1271 at 42-44 (prosecutor and Court making sure the jurors had the PowerPoint on their screens at the outset of the closing)], reflecting the portions of the audiotape exhibits that the government replayed for the jury during that argument. Pursuant to Local Rule 7.1(a)(2), the government has conferred with appellate counsel for Defendant Jovan Vavic, who does not oppose this Motion.

Rule 10(e) "'is designed to . . . supplement the record on appeal so that it accurately reflects what occurred before the district court.'" *United States v. Rivera-Rosario*, 300 F.3d 1, 9 (1st Cir. 2002) (quoting *Belber v. Lipson*, 905 F.2d 549, 551 n. 1 (1st Cir.1990)). The parties dispute whether the government in closing replayed any false statements from Rick Singer's recorded calls. *Compare, e.g.*, Govt CA1 Reply Br. 20 n.2 ("Vavic is wrong that the government replayed these (or any other) false statements in closing . . .") *with* Vavic CA1 Response Br. 2 ("Then, in closing, the government replayed many of Singer's most egregious lies about Coach Vavic without disclaimers and urged the jury to take Singer's words for their truth."), 24 ("The government's

closing arguments replayed recordings of Singer featuring multiple lies about Vavic."), 62 ("Then, in closing, the government replayed those lies and urged the jury to take Singer's words for their truth."), 68 ("The government (at JA5.70) replayed the call where Singer lied that Vavic was 'my guy' because Singer (1) helped get all of Vavic's kids into various colleges, (2) subsidized Vavic's staff salaries, (3) paid invoices from Vavic to cover team travel costs, and (4) had worked with Vavic since 2006."). But both parties agree that the PowerPoint containing recordings the government played for the jury in closing satisfies Rule 10(e), and should be included in the record before the First Circuit.

To facilitate the parties' ability to cite this material in the pending appeal and the First Circuit's ability to consider it, the government therefore moves the Court to supplement the record under Fed. R. App. P. 10(e) as set forth above. See, e.g., *United States v. Kelly*, 535 F.3d 1229, 1241 n.10 (10th Cir. 2008) (district court properly granted Rule 10(e) motion to supplement the record with the written jury instructions supplied to the jury); *United States v. Andiarena*, 823 F.2d 673, 676-77 (1st Cir. 1987) (district court properly granted Rule 10(e) motion to supplement the record with "transcripts of the nine tapes" where those transcripts had been submitted to the jury). If the Court grants this motion, the government will supply the actual PowerPoint file on a disc or thumb drive so that the clerk can transmit it to the First Circuit

        Respectfully submitted,

        JOSHUA S. LEVY
        Acting United States Attorney

        By: */s/ Donald C. Lockhart*
        DONALD C. LOCKHART
        ALEXIA R. DE VINCENTIS
        LESLIE A. WRIGHT

                                                    STEPHEN E. FRANK
                                                    IAN J. STEARNS
                                                    Assistant United States Attorneys

## CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                                    /s/ Donald C. Lockhart
                                                    DONALD C. LOCKHART
                                                    Assistant United States Attorney